United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUCO LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POOROUSHASB PARINEH, individually,<br>AUSTIAJ PARINEH, individually and as<br>co-trustee of the Parineh Family<br>Irrevocable Trust dated June 24, 1996<br>("PFIT"), HORMOZ PARINEH,<br>individually and as co-trustee of the PFIT,<br>and KHASHAYAR PARINEH,<br>individually and as co-trustee of the PFIT,<br><br>Defendants.<br>_____/ | No. C 12-03527 WHA<br><br>**ORDER GRANTING MOTION<br>FOR SUMMARY JUDGMENT OF<br>DEFENDANTS AUSTIAJ<br>PARINEH, HORMOZ PARINEH,<br>AND KHASHAYAR PARINEH** |

**INTRODUCTION**

In this interpleader action involving a life insurance policy, the stakeholder has been dismissed. The co-contingent beneficiaries of the policy move for summary judgment that they are entitled to the proceeds of the policy, inasmuch as the primary beneficiary has been convicted of murdering the insured. To the extent stated below, the motion for summary judgment of the co-contingent beneficiaries is **GRANTED**.

**STATEMENT**

Plaintiff Pruco Life Insurance Company issued a life insurance policy, number V1 204 487, for $1.75 million on the life of Parima Parineh, which named her husband, defendant Pooroushasb ("Peter") Parineh as the primary beneficiary. Their children, defendants Austiaj Parineh, Hormoz Parineh, and Khashayar Parineh were named co-contingent beneficiaries (Compl., Exh. A). The insured died in 2010, and Peter Parineh was charged with her murder.

1    Pruco commenced this interpleader action in 2012 and named Peter, Austiaj, Hormoz,
2 and Khashayar as defendants. Pruco conceded that it owed death benefits of $1.75 million, but
3 it could not determine who is entitled to receive the death benefits because Peter may have
4 forfeited his right to the benefits if he killed his wife. A prior judge ordered Pruco to deposit a
5 check in the amount of $1.75 million with the Clerk, and upon deposit of the check, discharged
6 Pruco from the action (Dkt. No. 19). Pruco deposited a check in the amount of $1,822,338.75
7 with the Court, comprising the death benefit plus claim interest (Dkt. No. 26).

8    In 2012, after a jury trial, Peter was convicted of murdering his wife in 2013, and timely
9 appealed. *People v. Pooroushasb Parineh*, No. SC 74512 (May 23, 2013). Following Peter's
10 conviction, his counsel, who had represented him as a courtesy during his criminal prosecution,
11 moved to withdraw from representation in this action, and Peter agreed to continue *pro se* (Dkt.
12 No. 35). Counsel's motion was granted and the case was stayed pending the appeal (Dkt. Nos.
13 36–37). The California Court of Appeal affirmed Peter's conviction. *People v. Pooroushashb
14 Parineh*, No. A139246 (Sept. 28, 2015). Peter petitioned for review by the California Supreme
15 Court, which petition was denied. *People v. Pooroushashb Parineh*, No. S230434 (Jan. 13,
16 2016).

17    The case was reassigned to the undersigned judge, and the parties were asked to provide
18 a joint status report; however, only the co-contingent beneficiaries filed a status report — Peter
19 did not respond (Dkt. No. 42).

20    The co-contingent beneficiaries asked that the stay remain in place while Peter's petition
21 for review by the California Supreme Court remained pending, but while that request remained
22 pending, the California Supreme Court denied Peter's request for review. The stay was lifted,
23 and a schedule for the co-contingent beneficiaries to move for summary judgment was set.

24    The co-contingent beneficiaries timely moved for summary judgment. After missing the
25 deadline to respond, Peter requested an extension, allegedly due to illness, which leave was
26 granted. In his response, Peter sought to be provided with an attorney, due to his "slow
27 English." Nevertheless, Peter provided a cogent response written in English in which he denied
28 his guilt for the murder of his wife but failed to address the merits of this action. This order

follows full briefing. No hearing was held because Peter would not have been able to attend due to his present incarceration.

## ANALYSIS

Austiaj Parineh, Hormoz Parineh, and Khashayar Parineh, the co-contingent beneficiaries on the policy, contend they are entitled to the proceeds, inasmuch as the primary beneficiary, Peter Parineh, has been convicted of the murder of the decedent. Section 252 of the California Probate Code provides:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Section 254(a) provides that a "final judgment of conviction of felonious and intentional killing is conclusive for purposes of" Section 252.

Peter does not deny that he has been convicted of the murder of his wife, that his conviction is final, or that the law entitles Austiaj, Hormoz, and Khashayar to summary judgment in their favor in light of those facts. Instead, he cites his petition for a writ of certiorari to the California Supreme Court, which petition was denied. Those arguments are irrelevant to the adjudication of this claim for life insurance proceeds. As stated, California law provides that Peter's conviction, now final, is dispositive.

Peter's request that the Court provide an attorney to assist him in light of his "slow English" is also unavailing. Peter is not entitled to the provision of an attorney in this civil proceeding, and had more than ample time to respond to this motion. Indeed, in that time, he provided a cogent response written in English, albeit one that does not preclude the award of summary judgment to the co-contingent beneficiaries. Moreover, he expressly agreed to proceed *pro se* (Dkt. No. 35-2).

Thus, pursuant to California's "slayer statute," Austiaj Parineh, Hormoz Parineh, and Khashayar Parineh are entitled to summary judgment that they are the proper recipients of the proceeds of the life insurance policy covering their mother, Parima Parineh.

**CONCLUSION**

To the extent stated above, the motion for summary judgment of the co-contingent beneficiaries, Austiaj Parineh, Hormoz Parineh, and Khashayar Parineh is **GRANTED**. Final judgment will follow.

Thoits Law, counsel of record for the co-contingent beneficiaries, shall contact the Court Registry within **TEN DAYS** of the issuance of this order to provide all necessary information to effect the distribution of the proceeds. Counsel shall file a notice informing the Court that such information has been provided. No funds shall be released without a further order from this Court.

**IT IS SO ORDERED.**

Dated:   September 2, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4